```
         IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
UNITED STATES OF AMERICA,     *
                              *
         v.                   *
                              *    CRIMINAL NO.:  WDQ-09-0169
GREGORY MUSSMACHER, et al.    *

*   *   *   *   *   *   *   *   *   *   *   *   *
```

MEMORANDUM OPINION

Gregory Mussmacher has been charged with using excessive force against Benjamin Rowland and making false entries in Baltimore City Police Department reports. Pending is Mussmacher's motion for a Rule 17(c) subpoena for Benjamin Rowland's Baltimore City juvenile records. For the following reasons, that motion will be granted.

I.  Background[1]

On April 27, 2004 around 3:00 a.m., the police received a 911 call, from Rowland's home, that he was intoxicated and physically violent. Rowland left the house before the police arrived. Around 3:20 a.m., he was confronted by officers on a

---

[1] These are the facts as presented in the indictment and by Mussmacher in support of his motion for a Rule 17(c) subpoena. Paper No. 31 at 2-3.

street corner several blocks from his home.[2] Rowland was arrested by Officer Mussmacher and taken to the police station for booking.

Officer Mussmacher states that he used force only after Rowland left his seat to approach him, spat at him, and initiated a physical encounter. Paper No. 31 at 2. Rowland denies this and says that he was not aggressive or confrontational but merely sitting in his chair when Officer Mussmacher used force against him. *Id*.

The State of Maryland charged Mussmacher in Baltimore City Circuit Court for using excessive force during and after Rowland's arrest in Baltimore City Circuit Court. At trial, Mussmacher was convicted of some charges. The Court of Special Appeals reversed, vacated the conviction, and remanded to the circuit court. On remand, the Baltimore City State's Attorney's Office declined to retry Mussmacher.

On April 1, 2009, a federal grand jury for the District of Maryland returned a six count indictment against Officer Mussmacher and two other Baltimore City Police officers, Guy Gerstel and Wayne Thompson. Paper No. 1. On April 24, 2009, Officer Mussmacher pled not guilty. Paper No. 12. On October

---

[2] The indictment charges that Officer Mussmacher handed his weapon and police badge to another officer, unlocked Rowland's handcuffs, and challenged him to a fight. When Rowland declined the challenge, Officer Mussmacher sprayed Rowland with pepper spray.

12, 2009, Mussmacher filed a discovery motion, for a subpoena *duces tecum* to the juvenile division of the Circuit Court for Baltimore City for Rowland's juvenile criminal records.  Paper No. 31.

II.  Analysis

    A.  Fed. R. Crim. P. 17(c)

"[A] subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order."  Fed. R. Crim. P. 17(c)(3).  The Court may direct the production of designated items in court before trial and may permit the parties and their attorneys to inspect all or part of them.  *Id*. at 17(c)(1).

Under Maryland law, juvenile court records are confidential and unavailable without a court order upon good cause shown. Md. Code Ann., Cts. & Jud. Proc. § 3-8A-27(b)(1) & (c);  Md. R. 11-121.[3]  Accordingly, a party must have a court order to obtain a victim's juvenile records in Maryland.  To obtain a Rule 17(c)

---

[3] "(a)(1) A court record pertaining to a child is confidential and its contents may not be divulged, by subpoena or otherwise, except by order of the court upon good cause shown or as provided in § 7-303 of the Education Article . . . (c) the court . . . may order the court records of a child sealed . . . If sealed, the court records of a child may not be opened, for any purpose, except by order of the court upon good cause shown." Md. Code Ann., Cts. & Jud. Proc. § 3-8A-27.  Evidence given in a Maryland juvenile proceeding is "not admissible against the child in any other proceeding in another court, except in a criminal proceeding where the child is charged with perjury and the evidence is relevant to that charge and is otherwise admissible."  Md. Code Ann., Cts. & Jud. Proc. § 3-8A-23(c).

subpoena before trial, the moving party must show that: (1) the items sought are evidentiary and relevant; (2) they are not otherwise procurable by exercise of due diligence; (3) he cannot properly prepare for trial without pre-trial production and inspection of the items; and (4) the application was made in good faith and is not a "fishing expedition." *United States v. Nixon*, 418 U.S. 683, 699 (1974); *United States v. White*, 280 Fed. Appx. 317, 321 (4th Cir. 2008). The Government acknowledges that Rowland's juvenile records are not procurable without a court order.

    B.   Evidentiary and Relevant

Mussmacher argues that Rowland's juvenile records may expose prior convictions, bad acts, and untruthfulness, which might be admissible for impeachment or to show aggressive or confrontational conduct. He anticipates that Rowland will deny that on the night of his arrest he: (1) was aggressive and confrontational toward police officers; (2) was drunk; (3) had threatened to shoot his sister; and (4) had a history of violent behavior. Mussmacher also argues that because Rowland might have been on juvenile probation, his desire for lenient treatment may have led him to falsify or exaggerate Mussmacher's conduct to please the prosecution. Paper No. 34 at 6.

1.   Fed. R. Evid. 609

Under Fed. R. Evid. 609(a), evidence of a witness's conviction of a serious crime[4] or a crime involving dishonesty or false statement may be used to attack his character for truthfulness.  Generally, evidence of juvenile adjudication is not admissible under 609(a), but a limited exception in Rule 609(d) allows a criminal court to admit the juvenile adjudication of an adult witness to attack his credibility and ensure a fair trial.  *Id*. at 609(d).

If the court determines that evidence of juvenile adjudication is more prejudicial than probative, it may be excluded.  Fed. R. Evid. 609(a)(1) & 403.[5]  But the state's interest in maintaining the confidentiality of juvenile records is outweighed by a defendant's Sixth Amendment right to cross-examine a prosecution witness for bias.  *See Davis v. Alaska*,

---

[4]  "[E]vidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year . . . ."  Fed. R. Evid. 609(a)(1).

[5]  Evidence of a juvenile adjudication for a crime punishable by death or imprisonment in excess of one year may be excluded if its probative value outweighs its prejudicial effect.  Fed. R. Evid. 609(a)(1).  Evidence of a prior juvenile adjudication for dishonesty or false statement may be excluded if its probative value is *substantially* outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403.

415 U.S. 308, 319 (1974).[6]  Thus, this Court *may* admit evidence from Rowland's juvenile record that would impeach his general credibility on cross-examination and *must* admit such evidence--unless it is unduly prejudicial--if it shows bias.

The Government argues that the only admissible evidence in Rowland's juvenile record is his adjudication as a delinquent. Paper No. 32 at 14.[7]  That argument states Mussmacher's Sixth Amendment right to cross-examine about bias; however, under Rule 609(d), the Court may more broadly allow evidence that is probative of Rowland's general credibility.  Because this Court may permit impeachment of Rowland's credibility with more than the mere fact of his prior juvenile adjudication, the materials

---

[6] In *Davis*, a grand larceny and burglary prosecution, the trial court prohibited questioning a prosecution witness about his juvenile probation.  415 U.S. at 309.  The Supreme Court remanded the case, holding that "[t]he State's policy interest in protecting the confidentiality of a juvenile offender's record cannot require yielding of so vital a constitutional right as the effective cross-examination for bias of an adverse witness." *Id.* at 320.  *See also Camitsch v. Risley*, 705 F.2d 351, 354 (9th Cir. 1983) ("*Davis* extended . . . the right to let the jury know that [a key] witness is still facing pending criminal charges, has a prior conviction, or is still on probation.").

[7] The Government cites *United States v. Pretlow*, 770 F. Supp. 239, 243 (D.N.J. 1991), to support its argument that a defendant may not use a juvenile record to impeach the general credibility of a witness.  But, in *Pretlow*, the Government sought access to the defendant's juvenile records--not those of a nonparty witness.  Because the exception in 609(d) applies only to nonparty witnesses, Pretlow's juvenile record was not admissible against him.  Rowland is a nonparty witness whose credibility may be impeached with his juvenile record.

6

in his juvenile file relating to his credibility are "evidentiary and relevant."

      2.   Fed. R. Evid. 404

Under Fed. R. Evid. 404(a)(2), Mussmacher may offer "evidence of a pertinent trait of [Rowland's] character" to show that Rowland acted in conformity with that trait on April 27, 2004. Mussmacher seeks evidence of Rowland's prior drunkenness, aggressive and confrontational behavior, and domestic threats. If such evidence is in Rowland's juvenile record, it would be relevant and may be admissible at trial.

   C.   Necessary for Trial Preparation

Because Rowland testified about his juvenile crimes during the Baltimore City Circuit Court trial, the Government contends that Mussmacher does not need Rowland's juvenile records. Mussmacher argues that Rowland's trial testimony is insufficient because it lacks specific facts and dates and does not establish whether Rowland was on probation when he was arrested.

During the Baltimore City Circuit Court trial, Rowland admitted that he had "been in trouble with the law" for "auto theft, like destruction of property. That's it." Paper No. 32, Ex. 4 at 100:19-25.[8] He further admitted having been jailed for auto theft and acknowledged that he had been arrested for

---

[8] This exhibit contains an excerpt from Benjamin Roland's trial testimony at the Baltimore City Circuit Court proceeding.

stealing cars "like three or four" times. *Id*. at 101:1-10, 106:13-16. Because this testimony does not specify each of Rowland's juvenile crimes and punishments, Mussmacher may not have all the information available to impeach Rowland.

    D.   Not a "Fishing Expedition"

Mussmacher has identified specific incidents that may be relevant to Rowland's conduct on the night of his arrest. Because Rowland's testimony at the Baltimore City Circuit Court trial confirms that he has a juvenile record that may contain admissible impeachment evidence, Mussmacher's request to review that file is not a "fishing expedition."

III. Conclusion

For the reasons stated above, Mussmacher's motion for a Rule 17(c) subpoena for Benjamin Rowland's Baltimore City juvenile records will be granted. A subpoena will issue to the Clerk of the Juvenile Division of the Circuit Court for Baltimore City. The subpoena will direct that Benjamin Rowland's juvenile record be produced at the United States Courthouse, 101 West Lombard Street, Suite 310, Baltimore, MD 21201-2605, within 30 days after the subpoena is served.

Upon receipt, Rowland's file will be kept under seal, and the parties may review those records in chambers.


<u>January 28, 2010</u>            _____/s/_____
Date                             William D. Quarles, Jr.
                                 United States District Judge